UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES RAY PARISH,

    Petitioner,

v.                                             CASE NO. 8:23-cv-1858-TPB-CPT

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

    Parish petitions (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court convictions for burglary and sexual battery.  The Respondent asserts that the petition is time-barred.  (Doc. 6)  Parish replies that a fundamental miscarriage of justice excuses the time-bar.  (Doc. 8)  After reviewing the petition, the response, the reply, and the relevant state court record (Doc. 6-2), the Court **DISMISSES** the petition (Doc. 1) as time-barred.

    In 1979, a jury found Parish guilty of burglary and sexual battery, and the trial court sentenced him to life in prison for the burglary and a consecutive fifteen years for the sexual battery.  (Doc. 6-2 at 7–8, 10–11)  Parish appealed, and the state appellate court affirmed.  *Parish v. State*, 404 So. 2d 875 (Fla. 2d DCA 1981) (table).  Over twenty years later, Parish

1

sought post-conviction relief, the post-conviction court denied relief, and the state appellate court affirmed. (Doc. 6-2 at 3)

A one-year statute of limitation applies to a Section 2254 petition. 28 U.S.C. § 2254(d)(1). The limitation period starts to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On August 5, 1981, the state appellate court affirmed Parish's convictions and sentences in a decision without a written opinion. *Parish*, 404 So. 2d at 875. Because the state supreme court lacked jurisdiction to review the unelaborated decision, Parish could have sought further review only in the United States Supreme Court. *Bates v. Sec'y, Dep't Corrs.*, 964 F.3d 1326, 1329 (11th Cir. 2020); *Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980). Because Parish did not seek further review, the time to seek further review expired ninety days after the state appellate court's affirmance — November 4, 1981. Sup. Ct. R. 13.1. Parish's judgment became final on that date.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act and amended Section 2244 to require a petitioner to file a Section 2254 petition within one year of when the judgment becomes final. *Wood v. Milyard*, 566 U.S. 463, 468 (2012). "For a prisoner whose judgment became final before AEDPA was enacted, the one-year limitations period runs from the AEDPA's effective date: April 24, 1996." *Wood*, 566 U.S. at 468.

2

"[A] properly filed application for State post-conviction or other collateral review" tolls the limitation period. 28 U.S.C. § 2244(d)(2). Because Parish did not file a motion for post-conviction relief until 2004 (Doc. 6-2 at 3), the limitation period ran for one year and expired April 24, 1997. On August 14, 2023, Parish placed in the hands of prison officials for mailing his Section 2254 petition. (Doc. 1 at 13) Consequently, Parish's petition is untimely.

Parish asserts that a fundamental miscarriage of justice excuses the time-bar. (Doc. 8) "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [the] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

Parish fails to support his claim of actual innocence with evidence. In his petition, he asserts that his convictions and sentences violate article X,

3

section 9 of the Florida Constitution, which states: "Repeal of a criminal statute shall not affect prosecution for any crime committed before such repeal." (Doc. 1 at 5) He contends that a fundamental miscarriage of justice arises from the error. (Doc. 8 at 1–2) "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Because the claim challenges the legal sufficiency of Parish's convictions and sentences based on a violation of state constitutional law, his claim of actual innocence is meritless.

Accordingly, Parish's petition (Doc. 1) is **DISMISSED** as time-barred. A certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Clerk is **DIRECTED** to **ENTER** a judgment against Parish and **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of November, 2023.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**